UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORRIS B. FAHNBULLEH, ) ) Plaintiff, ) ) v. ) ) DIVERSIFIED REPORTING SERVICES, *et al.*, ) ) Defendants. ) ) | Civil Action No. 17-0926 (UNA) |

## MEMORANDUM OPINION

Plaintiff is serving a 142-month term of imprisonment following his criminal conviction in this district court:

> In 2009 [co-defendant] Bondo and Fahnbulleh were arrested in 2009 and charged with fraud allegedly committed on the Liberia Food–for–Work program. In particular, they were each charged with one count of conspiracy to defraud the United States (18 U.S.C. §§ 371, 2), one count of conspiracy to commit mail and wire fraud (18 U.S.C. §§ 1349, 2), four counts of mail fraud (18 U.S.C. § 1512(b)(1)), two counts of wire fraud (18 U.S.C. §§ 1343, 2), and four counts of false claims (18 U.S.C. §§ 287, 2) . . . . Fahnbulleh and Bondo were tried together by a jury. Fahnbulleh was convicted on all counts.

*United States v. Fahnbulleh*, 752 F.3d 470, 474 (D.C. Cir. 2014). He brings this action against Diversified Reporting Services, Inc. and three of its court reporter employees. *See* Compl. ¶¶ 5-14. According to plaintiff, defendants tampered with, fabricated, forged, and otherwise manipulated transcripts of grand jury proceedings, *see, e.g., id.* ¶¶ 4, 22, 25, which caused plaintiff to be falsely arrested, tried and convicted, *see id.* ¶ 4. He demands damages as compensation for physical pain, mental anguish, and earnings lost as a result of his detention, among other relief. *See id.* ¶¶ 47-48.

This is not plaintiff's first attempt to hold these defendants accountable for their alleged misdeeds. Plaintiff's prior action was dismissed because the complaint failed to state a claim upon which relief could be granted. *See Fahnbulleh v. Lynch*, No. 16cv1608 (D.D.C. Aug. 8, 2016).

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). The doctrine of res judicata, or claim preclusion, provides "that 'a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Here, res judicata bars plaintiff's claims because "there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

The Court concludes that plaintiff's claims are barred under the doctrine of *res judicata*, and, accordingly, the complaint will be dismissed.

DATE: May 30, 2017

United States District Judge